**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ENRIQUE ENRIQUEZ-BOJORQUEZ,

Defendant - Appellant.

No. 06-2166

(D. New Mexico)

(D.C. No. CR-05-1306-BB)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **HENRY**, Circuit Judges.

Defendant/appellant Enrique Enriquez-Bojorquez, a citizen of Mexico, pled guilty to one count of illegal reentry by an alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (a)(2) and (b)(2). He was sentenced to forty-one months' imprisonment, followed by two years of supervised release. Enriquez-Bojorquez appeals that sentence, which we affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

On January 21, 1991, Enriquez-Bojorquez was convicted of aggravated assault on a peace officer and driving under the influence. Aggravated assault is an aggravated felony for federal immigration purposes. 8 U.S.C. § 1101(a)(43)(F). He received a three-year sentence, which was suspended on the condition that he successfully complete eighteen months of probation. Enriquez-Bojorquez was deported to Mexico in February 1991.

He was found again in the United States in August 1991, was convicted of illegal reentry, and was again deported in August 1992. Enriquez-Bojorquez was found once again in the United States in September 1997, was convicted of illegal reentry and was deported for a third time in January 2001. The instant offense occurred when, on April 3, 2005, Enriquez-Bojorquez illegally reentered the United States and was arrested by agents at the border. As indicated, he pled guilty to illegal reentry by an alien with a previous conviction for an aggravated felony, i.e., the aggravated assault in 1991.

In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR"), which calculated an advisory sentencing range under the United States Sentencing Commission Guidelines Manual ("USSG") (2004). The PSR determined that Enriquez-Bojorquez's base offense level was eight. It recommended a sixteen-level enhancement because Enriquez-Bojorquez had been previously convicted of an aggravated felony, see USSG §2L1.2(b)(1)(A), and a

three-level reduction for acceptance of responsibility. See USSG §3E1.1. With a total adjusted offense level of twenty-one and a criminal history category of II, the advisory Guideline sentencing range was forty-one to fifty-one months.

Enriquez-Bojorquez filed a Sentencing Memorandum in which he sought a sentence of from eighteen to twenty-four months. He argued that the nature and circumstances of his reentry, which "was to locate his [missing] son, to reestablish their relationship and to eventually find work [in the United States] to support his son and [his] mother who lives in Mexico and is in failing health," Sentencing Mem. at 7, R. Vol. I, doc. 26, justified a below-Guidelines sentence. Enriquez-Bojorquez further discussed his personal history and characteristics and argued that the circumstances of the offense underlying his aggravated felony conviction did not warrant a sixteen-level enhancement because the case was quickly resolved, resulted in a suspended sentence, and caused injury only to him. He also argued that the advisory Guideline sentence was unreasonable because a lesser sentence would still reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter future criminal conduct, protect the public, and reflect his lack of access to programs otherwise available to incarcerated United States citizens.

The government opposed Enriquez-Bojorquez's request for a sentence below the advisory Guideline range because the advisory Guideline sentence was comparable to other sentences of those convicted of the same offense, and thus

the Guideline sentence avoided the creation of disparities among defendants with similar profiles.

At the sentencing hearing, Enriquez-Bojorquez did not object to the factual findings of the PSR. Rather, he argued that most of his prior convictions occurred when he was younger, that the convictions were too old to be the basis for criminal history points, and that he reentered the United States for economic and family reasons, like many other aliens.

The district court noted that it was "sympathetic" to Enriquez-Bojorquez's arguments, but that his case was "a fairly typical heartland case" that the court sees "routinely" and there was accordingly no basis for a departure from the advisory Guideline range. Tr. of Sentencing Hr'g at 12, R. Vol. III. The court therefore sentenced Enriquez-Bojorquez to forty-one months' imprisonment, at the bottom of the Guideline range.

Enriquez-Bojorquez appeals, repeating his arguments that his 1991 conviction is so old that it should be ignored in computing his sentence, and that his sentence "in light of Section 3553 leads to the conclusion that the sentence in this case was greater than necessary to advance the sentencing goals articulated in Section 3553, is unreasonable, and should therefore be vacated." Appellant's Reply Br. at 1.

## DISCUSSION

Since the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), the formerly mandatory federal sentencing Guidelines are now advisory. "Post-<u>Booker</u>, we review sentencing decisions for reasonableness, which has both procedural and substantive components." <u>United States v. Atencio</u>, 476 F.3d 1099, 1102 (10th Cir. 2007). "In setting a procedurally reasonable sentence, a district court must calculate the proper advisory Guidelines range and apply the factors set forth in § 3553(a)." <u>Id.</u> "A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." <u>Id.</u>

Because district courts continue to calculate a Guidelines sentence as part of their determination of a reasonable sentence, "we continue to review the district court's application of the Guidelines de novo, and we review any factual findings for clear error." <u>United States v. Townley</u>, 472 F.3d 1267, 1275-76 (10th Cir. 2007), <u>petition for cert. filed</u> (Mar. 12, 2007) (No. 06-10032). Where a district court "correctly applies the Guidelines and imposes a sentence within the applicable Guideline range, that sentence 'is entitled to a rebuttable presumption of reasonableness.'" <u>Id.</u> at 1276 (quoting <u>United States v. Kristl</u>, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam)).[1]

_____

[1]We note that the Supreme Court has heard oral argument in two cases which may impact the way we review sentences after <u>Booker</u>, in particular, the

(continued...)

While Enriquez-Bojorquez appears for the most part to challenge the substantive reasonableness of his sentence, he does argue that the district court "adhered strictly to the advisory guideline enhancement" and failed to consider Enriquez's circumstances and/or apply the sentencing factors contained in 18 U.S.C. § 3553(a). Appellant's Br. at 22. Accordingly, we address the reasonableness of his sentence both procedurally and substantively.

Because Enriquez-Bojorquez did not object to the procedure by which his sentence was determined and explained, we may reverse it only in the presence of plain error. United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007). "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

With respect to procedural reasonableness, "[i]t is well-established that we do not 'demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors [in § 3553(a)] that Congress has instructed it to consider." United States v. Jarrillo-Luna, 478 F.3d 1226, 1229 (10th Cir. 2007) (quoting United States v. Contreras-Martinez, 409 F.3d 1236,

---

[1](...continued)
validity or not of the presumption of reasonableness we have accorded to within-Guidelines sentences. See United States v. Rita, 177 Fed. Appx. 357 (4th Cir.), cert. granted, 127 S. Ct. 551 (2006) (No. 06-5754); United States v. Claiborne, 439 F.3d 479 (8th Cir.), cert. granted, 127 S. Ct. 551 (2006) (No. 06-5618). Accordingly, we consider the reasonableness of Enriquez-Bojorquez's sentence both with and without a presumption of reasonableness.

1242 (10th Cir. 2005)). "However, it is equally clear that, 'although the district court is not obligated to expressly weigh on the record each of the factors set out in § 3553(a), it must state its reasons for imposing a given sentence.'" Id. (quoting United States v. Sanchez-Juarez, 446 F.3d 1109, 1116 (10th Cir. 2006) (quotation marks omitted)).

In this case, the district court stated at sentencing that it had reviewed Enriquez-Bojorquez's Sentencing Memorandum, listened to his oral arguments and considered an additional letter written on Enriquez's behalf. The court further stated that it was sympathetic to Enriquez-Bojorquez's circumstances, but noted that his situation was not substantially different from many other aliens who illegally reenter the United States. The court also addressed Enriquez-Bojorquez's argument that the sentence for his current offense of reentry, which he characterizes as a victimless crime, is longer than his sentence for his prior aggravated assault offense, and noted that the criminal justice system is designed to be cumulative in order to deter future criminal conduct. The court discussed Enriquez-Bojorquez's "cumulative" criminal history, and then addressed Enriquez-Bojorquez's argument that his reentry was motivated by family and economic factors:

> This is a fairly typical heartland case, frankly, under the guidelines. I see this routinely. Unfortunately, families are divided by the border, and a lot of times they are divided in very emotional and gut-wrenching situations where someone is sick or dying and folks are emotionally compelled to cross the border. But the law does not

provide any solace for that. And the economic circumstances are certainly the primary motivating factor for the vast majority of people that are coming across the border. So neither of those [arguments] or the combination would justify downward departure.

Tr. of Sentencing Hr'g at 12, R. Vol. III.

We are confident that the district court properly discharged its duty to give reasons for imposing the forty-one-month sentence it did. It is clear that the court did not simply apply the Guideline sentence; rather, it considered the circumstances of Enriquez-Bojorquez's offense, and explained why it was not convinced by his arguments to sentence him differently. Nothing more is required. See Jarrillo-Luna, 478 F.3d at 1230 ("We have never held . . . that the district court must list the reasons why it could have chosen a different sentence and then explain why it rejected them.").

With respect to the substantive reasonableness of Enriquez-Bojorquez's sentence, we hold that, with or without the presumption of reasonableness accorded a within-Guidelines sentence, the sentence imposed here was reasonable. As the district court noted, Enriquez-Bojorquez's situation was not substantially different from many other illegal reentrants. While Enriquez-Bojorquez's prior aggravated assault conviction was some fourteen to fifteen years before, that alone does not justify ignoring it as a part of his criminal history. Furthermore, the district court noted the "cumulative" nature of his criminal history, and further noted that the reasons Enriquez-Bojorquez gave for

reentering the United States were, essentially, run-of-the-mill. We accordingly hold that the sentence imposed is reasonable, in light of the § 3553(a) sentencing factors.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge