**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 22, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOSE VALENTIN MELENDEZ-
DONES,

     Defendant - Appellant.

No. 07-2198
(D.C. No. CR-06-2269-JCH)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.[**]

Defendant-Appellant Jose Valentin Melendez-Dones appeals from the

sentence imposed following his guilty plea to one count of reentry of a removed

alien in violation of 8 U.S.C. § 1326(a), (b)(2). He was sentenced to 70 months'

imprisonment—a term at the low end of the applicable Guidelines

range—followed by two years' unsupervised release. On appeal, Mr. Melendez

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

argues that his sentence is substantively unreasonable. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

A sentence within the correctly determined Guidelines range is entitled to a presumption of reasonableness. See United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006). Mr. Melendez argues that this presumption is no longer valid after Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007). See Aplt. Reply Br. at 2, 7. However, Gall clearly states that "[i]f the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." 128 S. Ct. at 597. We review a sentencing decision for reasonableness under an abuse of discretion standard. United States v. Sutton, — F.3d —, No. 07-1223, 2008 WL 879429, *3 (10th Cir. Apr. 3, 2008).

The reasonableness of a sentence "includes a procedural component, which includes how the sentence was calculated, and substantive component concerning the length of the sentence actually imposed." Id. Mr. Melendez concedes that the district court correctly calculated the Guidelines range, Aplt. Br. at 10, and only argues that his sentence was substantively unreasonable. First, he argues that his criminal history double counts his prior convictions. See U.S.S.G. § 2L1.2(b)(1). We have routinely upheld this practice as reasonable where the Guidelines authorize it. See U.S.S.G. § 2L1.2(b)(1), cmt. n. 6; United States v. Ruiz-Terrazas, 477 F.3d 1196, 1204 (10th Cir. 2007). The district court did not abuse

its discretion in rejecting arguments that Mr. Melendez's two prior violent felony convictions—attempted armed robbery and aggravated burglary—over-represented the seriousness of his criminal history, particularly given Mr. Melendez's lengthy criminal history and recidivism.  Second, Mr. Melendez argues that his cultural assimilation and his reason for illegally reentering the United States, to visit his terminally ill sister, also cause his sentence to be substantively unreasonable.  We have not previously determined whether cultural assimilation is an appropriate ground for departure, and we decline to address the question here.  See United States v. Galarza-Payan, 441 F.3d 885, 889–90 (10th Cir. 2006).  Mr. Melendez has failed to demonstrate that these facts cause the sentence to be unreasonable based on the sentencing factors in 18 U.S.C. § 3553(a), particularly given that having been removed to Mexico in July 2005 after serving a federal sentence for reentry, he returned to the United States and was convicted of a controlled substance offense.  See Kristl, 437 F.3d at 1055; II R. (PSR) 9, ¶ 24.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge