**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 26, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

GENOVEVO GALLEGOS–CASTRO,

Defendant–Appellant.

No. 08-2090

(D.C. No. 06-CR-01841-JAP-1)

(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant Genovevo Gallegos-Castro pled guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326. The district court imposed a sentence of seventy-seven months' imprisonment, at the bottom of the calculated Guidelines range. On appeal, Defendant argues that this sentence was not

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

procedurally or substantively reasonable.

In reviewing a challenge to the procedural reasonableness of a sentence, we generally review the district court's legal conclusions de novo and its factual findings for clear error. *See United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). However, where a party fails to raise a contemporaneous objection to the district court's sentencing procedures, we review the appeal on that ground only for plain error. *See United States v. McComb*, 519 F.3d 1049, 1054 (10th Cir. 2007). Here, Defendant did not object to the process by which the guideline range was calculated, and we thus review his procedural reasonableness argument only for plain error.

Defendant suggests that his sentence was procedurally unreasonable because the sixteen-level enhancement the district court imposed for a prior violent felony was overly punitive and resulted in double-counting. However, the Guidelines expressly permit the double-counting that occurred here, *see* U.S.S.G. § 2L1.2 n.6, and we have "routinely upheld as reasonable the use of prior convictions to calculate both the criminal history category and a sentence enhancement where, as here, the Guidelines authorize it." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir.), *cert. denied*, 128 S. Ct. 113 (2007). Moreover, we note that Defendant was convicted of the serious violent offenses of aggravated assault and shooting at an inhabited house, dwelling, or vehicle. Under these circumstances, we conclude that the court did not err, much less

commit plain error, by imposing the sixteen-level enhancement at issue here.

Defendant also suggests that his sentence was procedurally unreasonable because the court should have departed downward from the Guidelines pursuant to U.S.S.G. § 4A1.3. However, we do not have jurisdiction to review the district court's discretionary refusal to grant a downward departure request. *See United States v. Castillo*, 140 F.3d 874, 887 (10th Cir. 1998).

Defendant further argues that the sentence imposed was not substantively reasonable. We review the substantive reasonableness of a sentence for abuse of discretion, "afford[ing] substantial deference to [the] district court[]." *United States v. Smart*, 518 F.3d 800, 806 (10th Cir. 2008). Where the district court correctly calculates the applicable sentencing range and sentences the defendant within that range, the resulting sentence is entitled to a rebuttable presumption of reasonableness. *See Kristl*, 437 F.3d at 1054.

Defendant argues that several factors weighed in favor of a below-Guidelines sentence—his cultural assimilation to the United States, his parents and siblings' status as legal residents or citizens of the United States, the fact that he returned to the United States to visit his family, his intellectual limitations, the fact that reentry "is a status offense and does not involve violence" (Appellant's Br. at 12), the age of the felony conviction that resulted in the sixteen-level enhancement, and the fact that the majority of his criminal history points stemmed from immigration offenses. He also again argues that the sixteen-level

enhancement was overly punitive and resulted in double-counting the prior felony

conviction. We have rejected these or similar arguments in numerous

immigration cases. *See, e.g.*, *United States v. Melendez-Dones*, 274 F. App'x

726, 728 (10th Cir. 2008) (rejecting substantive reasonableness challenge where

defendant argued that the seriousness of his criminal history was over-

represented, that his criminal history double-counted his prior convictions, that he

was culturally assimilated to the United States, and that he reentered to visit his

terminally ill sister); *United States v. Prieto-Chavez*, 268 F. App'x 695, 698, 703

(10th Cir. 2008) (rejecting substantive reasonableness challenges based on

double-counting, medical problems, and cultural assimilation); *United States v.*

*Enriquez-Bojorquez*, 231 F. App'x 824, 825-26, 828 (10th Cir. 2007) (affirming

within-Guidelines sentence where defendant reentered the country for family and

economic reasons, his prior aggravated assault conviction was fourteen or fifteen

years old, and he argued that reentry is a victimless crime). We similarly

conclude that the factors cited by Defendant in this case are insufficient to

overcome the presumption of reasonableness attached to his properly-calculated

Guidelines sentence on appeal. We cannot say that the district court abused its

discretion by imposing a sentence at the bottom of the Guidelines range here,

where Defendant had prior felony convictions for aggravated assault, shooting at

an inhabited house, dwelling, or vehicle, and possessing a firearm as a felon, and

where his previous fifty-seven month sentence for reentry failed to deter him from

-4-

committing this crime.

For the foregoing reasons, we **AFFIRM** Defendant's conviction and sentence.

Entered for the Court


Monroe G. McKay
Circuit Judge