FILED
United States Court of Appeals
Tenth Circuit

January 7, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE FLORES-DE LA ROSA,

    Defendant - Appellant.

No. 19-2113
(D.C. No. 2:19-CR-00482-KG-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]
_____

On April 9, 2019, Defendant-Appellant Jose Flores-De La Rosa pled guilty to a one-count indictment charging him with illegal reentry into the United States in violation of 8 U.S.C. § 1326(a). In preparation for sentencing, the United States Probation Office ("Probation") prepared a Presentence Investigation Report. Therein, Probation assigned Defendant six criminal history points based on a prior felony conviction for cocaine distribution and a prior felony conviction for illegal reentry,

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

resulting in a criminal history category of III. Probation calculated Defendant's base offense level at eight. Defendant received an eight-point increase for his prior cocaine distribution conviction and an additional four-point increase for his prior illegal reentry conviction. After a three-point reduction for acceptance of responsibility, Probation calculated Defendant's offense level at 17. With a criminal history category of III and an offense level of 17, Defendant's guideline range under the United States Sentencing Guidelines ("U.S.S.G.") was 30 to 37 months' imprisonment.

Thereafter, Defendant filed a sentencing memorandum wherein he requested a downward departure of one criminal history category under U.S.S.G. § 4A1.2(b)(1) and a downward departure of four offense levels under U.S.S.G. § 2L1.2, cmt. (n.6). Taken together, these departures would have provided for a sentencing guideline range of 15 to 21 months. Based on this adjusted guideline range, Defendant requested a sentence of 15 months' imprisonment. Defendant also argued the sentencing factors under 18 U.S.C. § 3553(a) would support such a variance. The Government filed a response in opposition to Defendant's sentencing memorandum and requested a 37-month sentence pursuant to the original guideline calculation.

Defendant appeared before the district court for sentencing on July 9, 2019. He again argued that a departure or variance was warranted and requested a sentence of 15 months' imprisonment. Upon consideration, the district court denied Defendant's request and sentenced Defendant to a low-end guideline sentence of 30 months' imprisonment. Now, Defendant argues: (1) the district court erred by declining to

2

depart; and (2) the district court erred by imposing a substantively unreasonable sentence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

\* \* \*

First, Defendant argues the district court erred by denying Defendant's request for a downward departure pursuant to U.S.S.G. § 4A1.3(b)(1) and U.S.S.G. § 2L1.2, cmt. (n.6). For the following reasons, we lack jurisdiction to address this claim.

Pursuant to 18 U.S.C. § 3742(a), we have jurisdiction to review a defendant's appeal of a sentence that was (1) "imposed in violation of law," (2) "imposed as a result of an incorrect application of the sentencing guidelines," (3) imposed as a result of an upward departure, or (4) "imposed for an offense for which there is no sentencing guidelines and is plainly unreasonable." 18 U.S.C. § 3742(a). We have no jurisdiction, however, "to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure." *United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005); *see also United States v. Penuelas-Gutierrez*, 774 F. App'x 493, 495 (10th Cir. 2019) (unpublished); *United States v. Davis*, 900 F.2d 1524, 1530 (10th Cir. 1990).

There is only one exception to this general rule. We may review the district court's decision not to depart downward in the rare circumstance where the district court erroneously believed it had no discretion to downwardly depart. *United States v. Castillo*, 140 F.3d 874, 887 (10th Cir. 1998). A district court is presumed to understand it has the discretion to depart downward unless it clearly states it lacks such discretion. *Sierra-Castillo*, 405 F.3d at 936. If the district court's language is

3

ambiguous, we assume "the judge was aware of his or her legal authority to depart but chose instead, in an exercise of discretion, not to depart." *Id.* (citing *United States v. Fortier*, 180 F.3d 1217, 1231 (10th Cir. 1999)).

In this case, the district court did not unambiguously state it lacked the authority to depart downward, nor does Defendant make such an argument. The district court considered Defendant's "history . . . characteristics . . . [and] criminal history," as well as the parties' arguments and briefs before concluding a departure was unwarranted. Because the district court appears and is presumed to have exercised its discretion, we lack jurisdiction to address Defendant's claim that the district court erred in declining to depart downward.

\* \* \*

Next, Defendant argues the district court imposed a substantively unreasonable sentence. We review the substantive reasonableness of a sentence for an abuse of discretion and will deem a sentence unreasonable only if it is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012). A sentence within the properly calculated guidelines is entitled to a rebuttable presumption of reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). A defendant may rebut this presumption by demonstrating that the sentence is unreasonable when viewed against the factors described in § 3553(a). *Id.* These factors include but are not limited to: (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, and (3) the need to punish the defendant and deter future misconduct. *See* 18 U.S.C. § 3553(a).

4

In this case, Defendant maintains his sentence is substantively unreasonable for the following reasons. First, Defendant argues he is a dedicated partner and father. Defendant avers he faced a difficult childhood and "worked hard in a series of demanding jobs" to support his family. Defendant suggests his motivation for reentering the United States was to "help protect his family, as they were being forced to leave their home state due to robbery and extortion, and [Defendant] hoped to earn money to finance that transition." According to Defendant, this background warrants consideration for a downward departure.

Defendant further contends his prior conviction for cocaine distribution occurred ten years prior to the instant offense during a time when Defendant was struggling with an addiction he has since addressed. Due to the passage of time and Defendant's recovery from his drug addiction, Defendant argues the increase in the guideline range resulting from this prior conviction is overstated. Additionally, Defendant states that, during his incarceration, he took advantage of educational opportunities and earned his *secundaria* certificate, which is similar to a high school diploma. Defendant suggests this academic achievement improves his employment prospects and makes him less likely to reoffend.

Ultimately, Defendant argues his sentence was greater than necessary to comply with the purposes of criminal punishment. *See United States v. Martinez-Barragan*, 545 F.3d 894, 904 (10th Cir. 2008) (explaining a sentence should be sufficient, but not greater than necessary, to comply with the purposes of criminal punishment). Based

5

on his background and the circumstances underlying the instant offense, Defendant argues he was entitled to a downward variance from the guideline range.

Given Defendant's personal history and characteristics, the district court may well have sentenced Defendant to lesser time. But "a range of reasonable sentences may exist in any given case" and, therefore, "the reasonableness of one sentence does not . . . necessarily render a different sentence unreasonable by comparison." *United States v. Mumma*, 509 F.3d 1239, 1245 (10th Cir. 2007). Moreover, we regularly uphold guideline sentences where defendants present similar mitigating factors. *See, e.g.*, *United States v. Gallegos-Castro*, 318 F. App'x 641, 643 (10th Cir. 2009) (unpublished) (affirming the substantive reasonableness of the sentence even though defendant's prior convictions were old); *Martinez-Barragan*, 545 F.3d at 905 (holding the guideline sentence was substantively reasonable despite defendant's argument that his criminal history was overstated and that he only entered the United States to provide for his children); *United States v. Melendez-Dones*, 274 F. App'x 726, 728 (10th Cir. 2008) (unpublished) (rejecting substantive reasonableness challenge where defendant argued the seriousness of his criminal history was over-represented); *United States v. Enriquez–Bojorquez*, 231 F. App'x 824, 825–26, 828 (10th Cir. 2007) (unpublished) (affirming guideline sentence over defendant's objection that he reentered the country for economic reasons and his prior aggravated assault conviction was fourteen or fifteen years old).

Thus, while the district court may have varied below the guideline range, it was not required to do so. Even if Defendant's personal history and characteristics weighed

6

in favor of a variance, the district court was not required to find those factors outweighed the factors supporting a higher sentence.  In deciding not to vary below the guideline range, the district court emphasized that Defendant has illegally entered the United States three times and that his prior 46-month sentence did not deter him from committing the instant offense.  The district court stressed that any sentence imposed is "supposed to be enough to persuade [Defendant] not to return to the United States." Thus, after considering Defendant's personal history and characteristics, his prior felony convictions, and the need to deter future misconduct, the district court found a low-end guideline sentence of 30 months was reasonable.

Upon review, we conclude the mitigating factors cited by Defendant are insufficient to overcome the presumption of reasonableness attached to his guideline sentence.  We cannot say the district court abused its discretion by imposing a low-end guideline sentence where Defendant had prior felony convictions for cocaine distribution and illegal reentry, and where his previous 46-month sentence did not deter him from committing the instant offense.

* * *

For the reasons provided herein, Defendant's sentence is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

7