**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICENTE RAMOS-PEREZ

Defendant - Appellant.

No. 05-2243
(D. Ct. No. CR-05-320 WPJ)
(D. N. Mex.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Vicente Ramos-Perez argues his sentence resulting from a guilty plea is unreasonable in light of *United States v. Booker*, 543 U.S. 220 (2005). We take jurisdiction under 28 U.S.C. § 1291 and, for the reasons discussed below, we

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

AFFIRM.

In April 2000, Mr. Ramos-Perez was deported to Mexico after completing a sentence in Arizona for two felony counts of child molestation. He later returned to the United States, where he was charged by indictment with reentering the country after being deported subsequent to a felony conviction in violation of 8 U.S.C. §§ 1326(a)(1)–(2), (b)(2). Mr. Ramos-Perez pleaded guilty to the offense. His presentence report (PSR) calculated his base offense level as eight. *See* U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2(a). His base offense level was increased sixteen levels as a result of his prior molestation conviction, which is considered a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A) and § 2L1.2 cmt. n.1(B)(iii). The PSR recommended a three-level downward adjustment pursuant to § 3E1.1 for Mr. Ramos-Perez's timely acceptance of responsibility. With a total offense level as 21 and a criminal history category of III, the resulting advisory sentencing range was 46 to 57 months.

In his objection to the PSR, Mr. Ramos-Perez did not contest the factual bases for his conviction and advisory sentencing range. Instead, he argued that the District Court should exercise its post-*Booker* discretion to impose a sentence outside the applicable Guidelines range based on his motive for reentering the United States, his family circumstances, and because his criminal history score overrepresents the likelihood that he will commit future crimes. Specifically, he noted that the reason he reentered the country was so that he could make enough money to buy medication for his ailing

seventy-year-old mother who lives in Mexico. He further noted that his prior conviction was for attempted molestation rather than molestation itself.

At the sentencing hearing, the District Court heard arguments from the Government and Mr. Ramos-Perez. It first considered whether the contentions raised by Mr. Ramos-Perez warranted a sentence below the range recommended by the Guidelines. The court acknowledged that Mr. Ramos-Perez's desire to care for his mother may have been noble but that his motive for returning to the United States was essentially economic. The court reasoned that because "the vast majority, the vast, vast, majority [of people who enter the United States illegally] do so for economic reasons," giving a lower sentence to Mr. Ramos-Perez would require the court "to start doing that for every defendant along the southwest border who illegally reenters" the country. Such benign motivation therefore did not justify a reduced sentence. The court also concluded that Mr. Ramos-Perez's situation was not unusual because every defendant's incarceration imposes a hardship on the defendant's family in one way or another. Further, there was evidence that Mr. Ramos-Perez had at least one sibling in the United States who may have been in the position to provide the care and assistance Mr. Ramos-Perez's mother required. As such, Mr. Ramos-Perez's family responsibilities also did not warrant a more lenient sentence.

The court then acknowledged its duty to consider the Guidelines range as well as the other factors set forth in 18 U.S.C. § 3553(a) in fashioning an appropriate sentence.

*See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (stating that a district court must consult the Guidelines and take them into account in sentencing, along with the other sentencing factors listed in § 3553(a)). The court noted that it had considered the other § 3553(a) sentencing factors and determined that the suggested Guidelines range of 46 to 57 months adequately "reflects the seriousness of the offense, promotes respect for the law, . . . provides just punishment for the offense[,] . . . affords adequate deterrence from future criminal conduct, [and] will protect the public from further crimes of the defendant." The District Court also noted that this range fulfilled the Guidelines' purpose to treat similarly situated defendants similarly and that a sentence outside the range would create unwarranted disparity. The District Court ultimately sentenced Mr. Ramos-Perez to the bottom of the range, 46 months' imprisonment.

A sentence will be affirmed on appeal so long as it is not unreasonable. *Booker*, 543 U.S. at 261. A sentence that falls within the properly calculated Guidelines range, like Mr. Ramos-Perez's, is presumptively reasonable. *Kristl*, 437 F.3d at 1054. Mr. Ramos-Perez can rebut this presumption "by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Id.*

To support his contention that his sentence is unreasonable in light of § 3553(a), Mr. Ramos-Perez raises the same arguments he raised at the District Court but also suggests that because illegal reentry is a *malum prohibitum* offense, as opposed to a *malum in se* offense, and because it is also a victimless crime, his sentence is excessive.

- 4 -

He further argues that 46 months' imprisonment is not needed to deter him from returning to the United States. Our review of the District Court's statements at sentencing, however, persuades us that the court gave due consideration to the § 3553(a) sentencing factors and that the court imposed a sentence that was both reasoned and reasonable. *See Kristl*, 437 F.3d at 1055 (stating that both the method by which the sentence is calculated and the length of the sentence must be reasonable); *United States v. Tsosie*, 376 F.3d 1210, 1218–19 (10th Cir. 2004) (noting that "reasonableness" hinges on whether the decision was both "reasoned and reasonable"). As such, Mr. Ramos-Perez has failed to rebut the presumption that his sentence is reasonable. *See United States v. Vasquez*, 433 F.3d 666, 671 (8th Cir. 2006) (defendant failed to rebut presumption of reasonableness where the district court expressly and appropriately justified the sentence on grounds contained in § 3553(a)). Accordingly, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge