**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROBERTO SANCHEZ-MARIONI,

    Defendant-Appellant.

No. 07-2006
(D.C. No. CR 05-2269 MV)
(D. N.M.)

---

**ORDER AND JUDGMENT** [*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Roberto Sanchez-Marioni pled guilty to a one-count indictment charging him with illegal re-entry of a deported alien previously convicted of an aggravated felony. *See* 8 U.S.C. § 1326(a)(1)-(2), (b)(2). The district court sentenced him to 41 months imprisonment, followed by two years of supervised release. On appeal, Mr. Sanchez-Marioni's counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967).

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We received no response from Mr. Sanchez-Marioni, and the government also declined to file a response. For the reasons set forth below, we discern no meritorious issues for appeal, and we therefore grant the motion to withdraw and dismiss the appeal.

\* \* \*

Mr. Sanchez-Marioni, a native of Mexico, was apprehended near Columbus, New Mexico while attempting to enter the United States. According to Mr. Sanchez-Marioni, he did not intend to stay in the country but instead was simply doing a favor for his niece by bringing her son from Mexico to her in Arizona. Mr. Sanchez-Marioni was charged with one count of illegal re-entry following deportation, in violation of 8 U.S.C. § 1326(a)(1)-(2). Because his prior deportation was subsequent to a conviction for an aggravated felony, Mr. Sanchez-Marioni faced a possible prison sentence of up to 20 years, pursuant to 8 U.S.C. § 1326(b)(2). Though he originally pled not guilty, Mr. Sanchez-Marioni eventually changed his plea to guilty, and did so without a plea agreement.

Pursuant to the advisory United States Sentencing Guidelines ("Guidelines"), Mr. Sanchez-Marioni's conviction carried a base offense level of 8. *See* U.S.S.G. § 2L1.2(a). But because he had been deported following a felony conviction for a crime of violence, the Guidelines recommended a 16-level enhancement. *See id.* § 2L1.2(b)(1)(A). Subtracting 3 levels for acceptance of responsibility, Mr. Sanchez-Marioni's final suggested offense level was 21.

Additionally, because of his prior felony conviction, Mr. Sanchez-Marioni was classified at criminal history category level II. That offense level and criminal history category produced a proposed Guidelines sentencing range of 41-51 months imprisonment with 2-3 years of supervised release.

Prior to sentencing, Mr. Sanchez-Marioni's public defender filed a sentencing memorandum asking for a downward variance to 21 months. The memorandum argued that such a variance would be appropriate, pursuant to the sentencing factors set out in 18 U.S.C. § 3553(a), given that Mr. Sanchez-Marioni re-entered into the United States only at the bidding of his niece, and that he agreed to do so only out of concern for his nephew's safety (the alternative apparently was to send the boy to his mother with a "smuggler"). The memorandum also pointed out that Mr. Sanchez-Marioni never intended to stay in the United States and that the nature of his re-entry was non-violent. In light of these facts, the memorandum argued that a sentence of 21 months would best serve the sentencing purposes outlined in 18 U.S.C. § 3553(a).

At the sentencing hearing, Mr. Sanchez-Marioni spoke briefly on his own behalf, and his counsel made a statement in support of a variance, echoing the arguments of the sentencing memorandum. The district court acknowledged that within-Guidelines sentences were only afforded a presumption of reasonableness on appeal rather than at sentencing and that the district court "is required to analyze every sentencing, and [that] the analysis must be a complete analysis."

Sentencing Transcript at 11-12. The court stated that it had "reviewed the presentence report, the factual findings, and considered the guidelines applications, as well as the factors in 3553(a)(1) through (7)." *Id.* at 13. The court also stated that it had "considered the reasons for reentry" as presented by the motion for a variance, but that "the background of the defendant, and his violent criminal history, and the circumstances of the underlying conviction, are all matters that, taken into consideration, justify and make appropriate the guideline sentence in this case." *Id.* at 12-13. As such, the district court chose not to grant a downward variance, and instead imposed a sentence of 41 months imprisonment – at the bottom of the Guidelines range.

\* \* \*

Pursuant to the Supreme Court's decision in *Anders v. California*, a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

In his *Anders* brief, counsel noted that this appeal would conceivably be meritorious only if (1) the guilty plea were not voluntary; (2) the sentence were unreasonable; or (3) Mr. Sanchez-Marioni received ineffective assistance of counsel. After conducting a full examination of the record, we agree with counsel's conclusion that no basis in law or fact exists for any of these arguments.

A valid guilty plea must be knowingly, intelligently, and voluntarily made. *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998); *see also* Fed. R. Crim. P. 11. The record indicates that the district court fulfilled the requirements set out in Rule 11 and those announced in *Gigot* to ensure the validity of the plea. *See* July 17, 2006, Plea Minute Sheet (indicating that the district court judge verified a factual basis for the plea, questioned the defendant and confirmed that he fully understood the charges against him and the consequences of the plea, and otherwise ensured that the plea was freely, voluntarily, and intelligently made). Mr. Sanchez-Marioni has failed to put forward any evidence or arguments that would place the plea's validity in doubt, and so any appeal on these grounds would be frivolous.

We also fail to find any non-frivolous grounds for appeal as to the reasonableness of the sentence. As counsel points out, the sentence that Mr. Sanchez-Marioni received was within the statutory range that he faced in pleading guilty. The sentence also fell at the bottom of the Guidelines range; as such, we accord a presumption of reasonableness to the sentence. *See Rita v. United*

*States*, 127 S. Ct. 2456, 2462-63 (2007).  Bearing in mind the various sentencing factors set forth by Congress in 18 U.S.C. § 3553(a), we find no evidence indicating that the district court abused its discretion in any way in sentencing Mr. Sanchez-Marioni.  The district court understood and acknowledged the non-mandatory nature of the Guidelines, and it gave thorough consideration to Mr. Sanchez-Marioni's argument for a downward variance.  It explained its decision to impose a sentence at the bottom of the Guidelines range in terms of the factors under 18 U.S.C. § 3553(a), pointing out Mr. Sanchez-Marioni's "violent criminal history, and the circumstances of the underlying conviction," and it noted that it had considered the defendant's background and the nature of the re-entry offense. We can find no evidence indicating any possible grounds for appeal of this sentence.

Finally, we find no evidence on the record before us to indicate that Mr. Sanchez-Marioni received ineffective assistance of counsel.  In any event, we note that it would be more appropriate to bring such a claim in collateral proceedings rather than on direct appeal so that Mr. Sanchez-Marioni can proceed with a record developed for that purpose. *See United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006) ("The vast majority of ineffective assistance of counsel claims should be brought in collateral proceedings rather than on direct appeal from a conviction."); *see also United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

* * *

For the foregoing reasons, we grant counsel's motion to withdraw and dismiss the appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge