FILED
United States Court of Appeals
Tenth Circuit

February 10, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

No. 08-2014

ENRIQUE NAVARRETE-MEDINA,

    Defendant-Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 06-CR-01630-WJ-1)**

---

Submitted on the briefs:

Scott M. Davidson, Albuquerque, New Mexico, for Defendant-Appellant.

Gregory J. Fouratt, United States Attorney, and Terri J. Abernathy, Assistant United States Attorney, Las Cruces, New Mexico, for Plaintiff-Appellee.

---

Before **HENRY, McKAY**, and **McCONNELL**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

    Defendant pled guilty to unauthorized re-entry into the United States as a previously deported alien. Prior to his sentencing hearing, he filed a memorandum requesting a downward departure or variance from the advisory

guideline range of seventy-seven to ninety-six months, arguing that a lower sentence was warranted because he had committed the crime of re-entry merely to seek necessary medications for his HIV condition. The district court rejected his request and sentenced him to ninety-six months' imprisonment based mainly on his extensive criminal history, which included several reentry crimes and numerous theft-related offenses. The court imposed a concurrent twenty-one-month sentence for Defendant's violation of supervised release.

Defendant argues that his sentence is unreasonably long—and thus contrary to the district court's mandate under 18 U.S.C. § 3553(a) to "impose a sentence sufficient, but not great than necessary, to comply with the purposes" of 18 § 3553(a)(2)—because his offense was motivated by his need for life-saving medications and is a *malum prohibitum* offense involving conduct that is not inherently wrong. We review this claim of substantive unreasonableness under an abuse of discretion standard. *See United States v. Rojas*, 531 F.3d 1203, 1209 (10th Cir. 2008). Because Defendant's sentence falls within the properly calculated guideline range, it is entitled to a rebuttable presumption of reasonableness on appeal. *Id.*

We conclude that Defendant has not rebutted the presumptive reasonable-ness of his sentence on appeal. In several unpublished re-entry cases, we have found no abuse of discretion where district courts have refused to grant a downward variance based on an alien's noncriminal motivation for re-entering the

country. *See, e.g.*, *United States v. Melendez-Dones*, 274 F. App'x 726, 728 (10th Cir. 2008) (defendant re-entered country to visit terminally ill sister); *United States v. Sanchez-Marioni*, 250 F. App'x 840, 841 (10th Cir. 2007) (defendant was bringing nephew to his mother in Arizona out of concern for nephew's safety); *United States v. Ramos-Perez*, 171 F. App'x 727, 728 (10th Cir. 2006) (defendant re-entered country to earn money for ailing mother's medication). We likewise conclude in the instant case that the court did not abuse its discretion by declining to vary downward from the guidelines based on Defendant's health-based motivation for re-entry. The court thoughtfully considered the § 3553(a) factors and concluded that a sentence at the upper end of the guideline range was warranted in light of Defendant's extensive criminal history, which the court considered to be "off the charts." (Sentencing Tr. at 18.) In reaching this decision, the court noted that Defendant had apparently been undeterred by a lengthy sentence for a previous re-entry offense and that there had been victims in many of his previous crimes. Our review of the record persuades us that nothing about this decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Rojas*, 531 F.3d at 1209.

As for Defendant's argument that he should not have received a lengthy sentence for merely crossing an international boundary, "Congress has made it clear, through the Sentencing Guidelines, that it considers the illegal re-entry of an alien who has committed a violent crime to be far more serious than a standard

trespassing offense." *United States v. Algarate-Valencia*, 2008 WL 5401415, at *5 (10th Cir. Dec. 30, 2008). We conclude that the district court did not abuse its discretion by treating Defendant's crime as serious when Congress has itself treated the crime as such.

Defendant suggests for the first time on appeal that he should not have received a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) for his 1997 felony conviction of residential burglary because the offense was committed so many years ago. To the extent he seeks to appeal the application of the enhancement itself, we conclude that the court did not err, much less commit plain error, by finding that the enhancement applied. To the extent he is arguing that the application of this enhancement rendered his sentence unreasonably long, we reject this argument because we conclude that the district court did not abuse its discretion by sentencing Defendant to a within-guideline term of imprisonment based on all of the facts of this case.

We hold that Defendant has not rebutted the presumption of reasonableness attached to his properly calculated guidelines sentence, and we therefore **AFFIRM** his conviction and sentence.