FILED
United States Court of Appeals
Tenth Circuit

May 29, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE LUIS SAENZ-HOLGUIN,

Defendant-Appellant.

No. 08-2278

(D. of N.M.)

(D.C. No. CR-06-2091-WJ)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Jose Luis Saenz-Holguin pleaded guilty to illegally entering the United States after committing an aggravated felony, a violation of 8 U.S.C. § 1326(b)(2). Prior to this offense, Saenz-Holguin had been deported to his home country of Mexico on three prior occasions, following convictions for various crimes including marijuana trafficking and robbery. Because his robbery offense

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

was a "crime of violence" under the United States Sentencing Guidelines, *see* USSG § 2L1.2 cmt. 1(B)(iii), he received a sixteen-point enhancement under section 2L1.2(b)(1)(A)(ii). His resulting guidelines range was 70 to 87 months' imprisonment.

Despite this criminal history, the district judge exercised discretion under USSG § 5H1.6 to grant Saenz-Holguin a downward departure due to his unique family circumstances. Saenz-Holguin's four children, who live in Mexico, had been in the care of his mother and brother, but they both died and the children were separated—two went to other relatives, two were sent to an orphanage. In granting the departure, the sentencing judge noted, "The loss of caretaking and financial support [for these children] substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant." R. Vol. 3 at 19–20. "Based on these findings," the judge stated, "I determine that the defendant's total adjusted offense level should be reduced by two levels." *Id*. at 20.

The district court's downward departure resulted in a sentencing range of 57 to 71 months' imprisonment. The court ultimately sentenced Saenz-Holguin to 57 months.

Saenz-Holguin appeals, urging us to overturn his sentence. He contends that despite the downward departure, his sentence is still unreasonable. He does not dispute the district court's calculation of his guidelines range, but confines his claim to a substantive reasonableness challenge. He asserts his sentence is longer

than necessary to further the goals of 18 U.S.C. § 3553(a)(2): retribution, deterrence, incapacitation, and rehabilitation. *See Rita v. United States*, 551 U.S. 338, 347–48 (2007) (listing these as the four "basic aims" of sentencing).

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we reject Saenz-Holguin's arguments and affirm the district court.

\* \* \*

We apply a presumption of reasonableness to a sentence that is within a properly-calculated guidelines range. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). The presumption is warranted because when a district court imposes a sentence within the guidelines range, both the Sentencing Commission and the district court have independently concluded that the sentence is appropriate. *Rita*, 551 U.S. at 347. This "double determination significantly increases the likelihood that the sentence is a reasonable one." *Id.*

In addition to applying a presumption of reasonableness, we also review the district court's sentencing decision under the deferential abuse of discretion standard. *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 1391 (2009). Under this standard, we may reverse Saenz-Holguin's sentence only if the district court's sentencing decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (quoting *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008)).

In his appellate brief, Saenz-Holguin acknowledges he must overcome the presumption of reasonableness attached to his sentence, but ignores the relevant standard of review and fails to explain how the district court abused its discretion. Our own review of the record convinces us that the district court carefully and methodically applied the 18 U.S.C. § 3553(a) factors. The court adequately explained its reasoning and concluded that its chosen sentence satisfied the four goals of sentencing. The court therefore acted within its discretion.

Instead of explaining why he prevails under the applicable standard of review, Saenz-Holguin relies on arguments suggesting the Guidelines and our federal criminal laws inevitably lead to unreasonable sentences. We conclude none of these various policy-based arguments has merit.

*First*, Saenz-Holguin argues his sixteen-point enhancement for robbery under USSG § 2L1.2(b)(1)(A)(ii) is "a tail wagging the dog," because it accounts for a large measure of his sentence. Aplt. Br. at 9. This alone, he claims, shows his sentence is unreasonable.

As the government points out, a district court does not abuse its discretion merely because it refuses to depart from a properly-calculated guidelines range. *See United States v. Wilken*, 498 F.3d 1160, 1172–73 (10th Cir. 2007). And we will not invalidate a sentence simply because a defendant disagrees with the policies behind the Guidelines. *Id*.

*Second*, Saenz-Holguin claims his crime of illegally entering the United States is victimless, and he entered the United States only to seek economic opportunity to support his children. He asserts "there is a vigorous ongoing public debate . . . about the best approach to the phenomenon of individuals entering the United States in search of a better life." Aplt. Br. at 13.

Saenz-Holguin ignores that his crime was not merely illegal entry; he pleaded guilty under 8 U.S.C. § 1326(b)(2) to *re*entering the United States after committing an aggravated felony—specifically, robbery. He also ignores that during his many illegal visits to this country, he has been convicted of six felonies and nine misdemeanors. He does not dispute he committed these crimes, nor does he dispute that during the robbery, he hit his victim in the face, held a gun to her head, and took $100 from her. His crime clearly was not victimless.

Furthermore, it is not our place to override federal statutes on policy arguments better left to Congress. Congress has determined that Saenz-Holguin's crime is a serious one, and the district court properly treated it as such. *See United States v. Navarrete-Medina*, 554 F.3d 1312, 1314 (10th Cir. 2009).

*Third*, Saenz-Holguin argues that because he will be deported after his sentence, his imprisonment will not serve the interest of incapacitation. But Saenz-Holguin has illegally entered this country at least four times, and has demonstrated a propensity for violent, criminal conduct while here. It is a non

-5-

sequitur to argue incapacitation is unimportant merely because he once again will be deported after serving his current criminal sentence.

*Fourth and finally*, Saenz-Holguin argues that because he is ineligible for most prison rehabilitation programs due to his status as an illegal alien, his sentence will not serve the sentencing goal of rehabilitation. This, again, is an argument for Congress, not the courts. In any event, the district court properly considered the goal of rehabilitation and determined that it was satisfied in this case. The court found that Saenz-Holguin is a skilled carpenter and may pursue that profession in Mexico after serving his criminal sentence in the United States. The district court's finding does not amount to an abuse of discretion.

\*　　　\*　　　\*

In sum, we conclude the district court acted within its discretion in sentencing Saenz-Holguin to a reasonable prison term of 57 months. His policy-based arguments against his sentence lack merit. We therefore AFFIRM the district court's sentence.

> Entered for the Court
>
> Timothy M. Tymkovich
> Circuit Judge