FILED
United States Court of Appeals
Tenth Circuit

June 17, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAVIER RODRIGUEZ-HERNANDEZ,

      Defendant-Appellant.

No. 09-2004
(District of New Mexico)
(D.C. No. 06-01447 BB)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **McWILLIAMS**, Senior Circuit Judge and **MURPHY**, Circuit Judge.

The defendant, Javier Rodriguez-Hernandez, was sentenced on December 2, 2002, in the District Court of the State of New Mexico, to a term of nine years and six months incarceration for an aggravated felony conviction, assault with a deadly weapon, and aggravated battery with a deadly weapon. On March 16, 2005, defendant was released from prison to the Immigration and Naturalization Service

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and deported to Mexico.

On June 28, 2006, the defendant was charged in a one count indictment in the United States District Court for the District of New Mexico with reentry into the United States after removal following an aggravated felony conviction in violation of 8 U.S.C. §1326(a)(1), (a)(2) and (b)(2). Pursuant to a plea agreement, the defendant, with the assistance of counsel, pled guilty to the indictment on October 17, 2006.

By way of background, on February 14, 2006, New Mexico State Police clocked a Ford Expedition with radar at 100 miles per hour on Interstate 25, near Truth or Consequences, New Mexico. The defendant, who was the driver of the vehicle, drove the vehicle into a rest area where he, and 10 other illegal aliens, ran into the desert to evade apprehension. Defendant was arrested one hour later, nearby.

In the presentence report, defendant's base offense level was an 8, however his prior conviction of a felony warranted a 16-level increase. Defendant was given an adjustment downward 3 levels for acceptance of responsibility, making his total offense level 21. Due to his criminal history, defendant was given a criminal history category of 5, which, combined with an offense level of 21, results in a sentencing range of 70-87 months.

At sentencing on March 21, 2007, defendant's counsel sought a downward variance by asking the court "whether a sentence of less than 70 months was

2

considered, and it was decided that one less than 70 months would be insufficient?" The court responded "Yes, ma'am. I considered the factors of 3553, if that's what you're referring to." The district court denied defendant's motion and sentenced Rodriguez-Hernandez to be imprisoned for a term of 70 months.

Three months later on June 27, 2007, Rodriguez-Hernandez sent a letter that the district court construed as a motion for leave to file a notice of appeal out of time, which motion was denied. Thereafter, defendant filed a pro se motion with the district court on January 10, 2008, to vacate the sentence due to ineffective assistance of counsel for failure to file a timely notice of appeal. The district court granted the 28 U.S.C. §2255 motion to vacate the sentence on that ground. The district court vacated the original judgment, then reentered the original judgment to allow defendant to file a timely notice of appeal. Defendant appeals.

On appeal, defendant contends that the sentence ultimately imposed is both procedurally and substantively unreasonable. Rodriguez-Hernandez admits that his criminal history was largely due to his addiction to cocaine, for which he alleges he has taken the cure.

Defendant also admits that he did not specifically object to the district court's sentencing procedure, therefore, this court reviews that procedure for plain error. Plain error is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation

3

of judicial proceedings." *U.S. v. Cordova,* 461 F.3d 1184, 1186 (10th Cir. 2006).

Rodriguez-Hernandez argues that the record meets the standard for plain error reversal on procedural unreasonableness for two reasons. First, the district court did not properly consider defendant's addiction recovery argument. Second, the district court failed to explicitly consider defendant's variance argument. The result was a significantly higher sentence than the court would otherwise impose. And the error has precluded this court from meaningful review of defendant's sentence.

The government argues that Rodriguez-Hernandez has waived these arguments because he never filed a sentencing memorandum or a request for a downward variance. The only evidence of defendant's overcoming a drug addiction was in a statement at the sentencing hearing made by his attorney:

> [Rodriguez-Hernandez] explained to me that the problems that he's had has been all pretty much drug related. He was using cocaine, doing some drugs, and that caused a lot of stress in his relationship with his wife. He did do some time for some offenses that he had in Las Cruces and in the area.
>
> He feels that he had learned his lesson and was staying away from drugs and trying to make a living in Mexico, earning $5 a day working on a construction crew. And he just feels really bad that his situation has come up.
>
> And it's affected his two little boys and his wife, Your Honor. His wife has kept in constant contact with me. She couldn't be here today because of finances. I did talk to her yesterday. I've been in contact with her on a regular basis.
>
> And on behalf of Mr. Rodriguez-Hernandez, Your Honor, he apologizes to the Court and requests the Court to impose a sentence less than the recommended guidelines,

4

but at the Court's discretion, Your Honor.

Sentencing Hearing at 3-4.

At the conclusion of the sentencing hearing, Rodriguez-Hernandez' counsel inquired as to whether the district court considered a sentence of less than 70 months. In this regard, the district court at sentencing spoke as follows:

> All right. The Court has reviewed the presentence report factual findings. The Court has considered the Sentencing Guideline applications, as well as the factors set out in 18 U.S.C. § 3553.
> I see nothing in this case that takes it out of the heartland of cases considered by the guidelines. We frequently in this district, unfortunately, see families divided by the border. In this case, with a criminal history of category 5, I'm less sympathetic to that argument than I would be in other factual contexts.

Sentencing Hearing at 6.

Thus, the district court did consider a sub-guideline sentence and concluded that one was inappropriate. The district court did not err in sentencing Rodriguez-Hernandez to 70 months imprisonment.

Rodriguez-Hernandez argues that the sentence was substantively unreasonable due not only to his family circumstances, but also to the fact that his criminal record was the product of an addiction he has conquered. From the record, it appears that defendant was allegedly cured after he completed drug education classes while in prison, and has been drug and alcohol free since the year 2001.

5

However, after considering Rodriguez-Hernandez' criminal history category of 5, the fact that he was deported after being convicted of 4 felonies, returning to the United States illegally, transporting illegal aliens and fleeing from police, the district court did not abuse its discretion in sentencing Rodriguez-Hernandez to the bottom of the sentencing guideline range. The sentence imposed is reasonable under all of the circumstances. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). *See also United States v. Navarrete-Medina*, 554 F.3d 1312, 1313 (10th Cir. 2009); *United States v. Algarate-Valencia*, 550 F.3d 1238, 1245 (10th Cir. 2008); *United States v. Rojas*, 531 F.3d 1203, 1209 (10th Cir. 2008).

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge