**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ADALBERTO GALLEGOS-SOTO,

     Defendant-Appellant.

No. 09-2270
(District of New Mexico)
(D.C. No. 09-1182-JEC)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **LUCERO**, Circuit Judge.

In a one-count criminal information filed in the United States District Court for the District of New Mexico, Adalberto Gallegos-Soto ("the defendant") was charged with reentry of a removed alien in violation of 8 U.S.C. §§ 1326 (a) and (b). Defendant pled guilty without a plea agreement and was sentenced to 46 months imprisonment followed by two years of supervised release. Defendant's counsel frames the one issue on appeal

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

as "whether the sentence imposed by the district court was unreasonable."[1]

Defendant is an undocumented immigrant from Mexico who has lived intermittently in the United States for many years. He has two misdemeanor convictions in Illinois and Colorado for driving under the influence and was convicted in 2003, in Colorado, for one count of sexual misconduct which resulted in a 160 day jail sentence followed by deportation. On February 5, 2009, a police officer with the Ruidoso Downs, New Mexico police department had contact with the defendant and suspected he was in the United States illegally. Border Patrol was contacted and an Agent confirmed that defendant was an illegal immigrant from Mexico and arrested the defendant. After defendant pled guilty, a PSR was prepared using the 2008 Guidelines Manual. The base offense level was set at 8 pursuant to U.S.S.G. §2L1.2(a) and 16 levels were added pursuant to U.S.S.G. §2L1.2(b)(1)(A) because defendant was previously deported after a conviction for a crime of violence, i.e. sexual misconduct. Although defendant was convicted in Colorado for a Class 1 misdemeanor, the offense is punishable in Colorado by imprisonment for a maximum term of 18 months which qualifies as a federally defined felony. *United States v. Romero-Hernandez*, 505 F.3d 1082 (10th Cir. 2007). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 21. With four criminal history points (Criminal History Category III), the guideline range was 46-57 months.

---

[1] Appellee's brief frames the issue on appeal as "whether the district court abused its discretion by imposing a sentence at the bottom of the correctly calculated sentencing guideline range."

Prior to sentencing, defendant filed a sentencing memorandum requesting a downward variance from the guideline range and that the district court sentence him to 16 months based on the circumstances surrounding the Colorado conviction for sexual misconduct. Defendant stated that the enhancement was based on his unlawful contact with his niece and the seriousness of the offense was overstated. Defendant also argued that a 16 month sentence would be adequate because he would be deported to Mexico and would not return to this country. At sentencing, defendant stated that he had a lot of family in Mexico and promised not to come back to the United States. The government opposed a downward variance and recommended a sentence at the bottom of the guideline range. The district court stated that it was unpersuaded by defendant's sentencing memorandum and found that a sentence within the guideline range would achieve the objectives of the factors it was required to consider. Defendant was sentenced to the low end of the guideline range.

## Reasonableness of Sentence

Defendant's one issue on appeal is the reasonableness of the sentence, arguing that it overstates the seriousness of his prior conviction and that it is based on a categorical rather than individual rejection of a non-frivolous basis for a downward variance. Because defendant's sentence was within the correctly calculated guideline range, it is presumptively reasonable. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). This Court gives deference to the trial court's decision to grant or not grant a variance and we do not find that the trial court abused its discretion by denying a request for a

variance.  *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008), *United States v. Smart,* 518 F.3d 800, 808 (10th Cir. 2008).

As stated, defendant argues that the 16 level increase for a prior conviction pursuant to U.S.S.G. §2L1.2 overstated the seriousness of his current offense of illegal reentry.  The prior conviction for which the 16 level increase was based occurred in 2003 and defendant was sentenced to 160 days in jail.  The violation was a misdemeanor under Colorado law but this Court has held it to be a crime of violence that mandates a 16 level increase under U.S.S.G. §2L1.2(b)(1)(A)(ii).  *United States v. Romero-Hernandez*, 505 F.3d 1082 (10th Cir. 2007).  This Court has also stated that reentry into the United States following a conviction of a crime of violence is a serious offense.  *United States v. Navarrete-Medina*, 554 F.3d 1312, 1314 (10th Cir. 2009).  Defendant argues that his facts are distinguishable because the prior offense was relatively minor.  He submitted a letter to the district court from the victim, his niece, describing a single attempt to touch her, and a statement that she and her family forgave him.  The PSR described the underlying facts as more severe suggesting defendant engaged in a month long "reign of sexual terror against his niece" which defendant contends is not supported by the record or testimony.  Defendant claims that because the conduct was relatively minor and a misdemeanor under Colorado law, it was substantively unreasonable for the district court to refuse to vary downward.  We do not agree.  The sentence at the bottom of the guideline range was not unreasonable as it served the dual purpose of reflecting the seriousness of defendant's

prior criminal history and protecting the public[2] as required by 18 U.S.C. §§ 3553(a)(1), (2)(B), (C).

Defendant also argued at the sentencing hearing that he would not return to the United States as his family had a farm in Mexico where he would live and work after being deported. He asserted that a sentence below the guidelines range would still be sufficient, but not greater than necessary, to afford adequate deterrence to criminal conduct under 18 U.S.C. §§ 3553(a)(2)(B) and (C). The district court made the statement at the end of the hearing, "You know, I've heard 'I will not return to the United States' - what do I sentence, 500 or 700 a year - so I figure at least 250 or 200 times a year. They all come back." Defendant argues that this violates the mandate of *Gall v. United States*, 552 U.S. 38, 49 (2007), that a sentencing court must make an individualized assessment based on the facts presented, and that the district court rejected a request for leniency out of hand which was plainly unreasonable. The record indicates that the district court did consider the defendant's arguments for a downward variance. It was not unreasonable for the court to be skeptical about defendant's claim that he would not return given defendant's own failure to comply with his prior deportation, which is the basis for the current offense, as well as the court's prior experience with immigration cases. We do not find that a sentence at the bottom of the correctly calculated guideline range was an abuse of discretion.

---

[2] Defendant also had two convictions for driving under the influence and an admitted problem with alcohol, PSR at 6-7; Tr. at 6, which presents a danger to the general public.

Judgment and sentence affirmed.

ENTERED FOR THE COURT


Robert H. McWilliams
Senior Circuit Judge