**UNITED STATES COURT OF APPEALS**

**July 15, 2014**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ENRIQUE MARTINEZ-GONZALEZ,

Defendant - Appellant.

No. 14-6030
(W.D. Okla.)
(D.C. No. 5:13-CR-00263-R-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, Enrique Martinez-Gonzalez, a Mexican citizen, appeals his fifty-seven-month sentence imposed following his guilty plea to one

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

count of illegally reentering the United States, following a previous deportation after an aggravated felony conviction. His only argument on appeal is that his sentence is substantively unreasonable. Finding his sentence to be substantively reasonable, we affirm.

## BACKGROUND

Mr. Martinez-Gonzalez was born in Mexico, but has resided in the Oklahoma City area since approximately 1989. While in the United States, he pled guilty to various criminal offenses, including joy riding in 1993, and larceny of merchandise from a retailer, concealing stolen property, and jumping bail, all separate crimes committed in 1996.

In 1997, following his arrest for unauthorized use of a motor vehicle, Mr. Martinez-Gonzalez was ordered removed by an immigration judge and he was granted a voluntary return to Mexico. He subsequently reentered the United States and, in 1999, was convicted of possessing cocaine with intent to distribute. Mr. Martinez-Gonzalez served two years in prison for that offense, before he was paroled to the custody of the Immigration Customs Enforcement ("ICE") and deported on January 25, 2001. He returned to the United States later that year and, in October, was arrested for shooting with intent to kill. He was convicted of that offense and served approximately nine years in prison, following which he was deported on January 5, 2011.

-2-

Mr. Martinez-Gonzalez subsequently reentered the United States for a final time and, on November 21, 2012, he was arrested and charged with assault and battery with a dangerous weapon. The charge was later dismissed when the victim failed to appear.

On April 5, 2013, Mr. Martinez-Gonzalez was arrested for grand larceny. On October 30, 2013, he was released to ICE custody, after the initial grand larceny charges were dismissed. The charges were later re-filed and, as of the time of briefing in this appeal, those charges were pending in Oklahoma state court.

A federal grand jury indicted Mr. Martinez-Gonzalez on November 12, 2013, charging him with illegally reentering the United States, in violation of 8 U.S.C. § 1326(a). He then waived his right to a jury trial and pled guilty.

In preparation for sentencing under the United States Sentencing Commission, Guidelines Manual ("USSG"), the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated a base offense level of eight under USSG § 2L1.2. Mr. Martinez-Gonzalez's prior convictions for possession of cocaine with intent to distribute and shooting with intent to kill resulted in a sixteen-level increase to his base offense level, thereby creating a total offense level of twenty-four. After a three-level decrease for acceptance of responsibility, Mr. Martinez-Gonzalez's total adjusted offense level was twenty-

one.  With a criminal history category of III, his advisory Guideline sentencing range was forty-six to fifty-seven months' imprisonment.

Mr. Martinez-Gonzalez filed a Sentencing Memorandum, requesting a sentence below the advisory Guideline range "based on the excessive and unwarranted severity of the illegal reentry guideline itself."  Sent. Mem. at 4; R. Vol. 1 at 24.  He argued that "[f]rom both a policy perspective and a fairness perspective, it makes sense that a non-violent, non-drug-related offense that is essentially a status crime would not be punished as severely as more factually serious crimes."  Id. at 5; R. Vol. 1 at 25.  Furthermore, because the sixteen-level increase in the Guideline level is based on certain serious prior convictions, and those convictions are also counted in calculating criminal history points, Mr. Martinez-Gonzalez charged the Guidelines with impermissibly double-counting. He also argued that the "fundamental flaw in the illegal reentry guideline is that it was not based on empirical research concerning deterrent efficacy or any other variable relevant to the purposes of sentencing."  Id. at 8; R. Vol. 1 at 28.

He reiterated these arguments at his sentencing hearing.  The district court listened to those arguments but declined to sentence Mr. Martinez-Gonzales below the advisory Guideline range.  In fact, the court concluded that, in view of Mr. Martinez-Gonzalez's extensive criminal history, a sentence at "the high end of the guidelines [is] appropriate."  Tr. of Sent. Hr'g at 6; R. Vol. 3 at 65.  As the court bluntly stated to Mr. Martinez-Gonzalez, "frankly, looking at your criminal

history, I believe the only appropriate place for you to be is in prison, given your criminal history. I think you're a threat to society." Id. The court therefore sentenced Mr. Martinez-Gonzalez to fifty-seven months' imprisonment. This appeal followed.

**DISCUSSION**

Mr. Martinez-Gonzalez's only argument on appeal is that his fifty-seven-month sentence is substantively unreasonable. "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Damato, 672 F.3d 832, 838 (10th Cir. 2012) (internal quotation marks omitted). We review substantive reasonableness claims for abuse of discretion, "afford[ing] substantial deference to [the] district court." United States v. Smart, 518 F.3d 800, 806 (10th Cir. 2008). A sentence within the properly-calculated Guidelines range is presumed on appeal to be reasonable. United States v. Alvarez-Bernabe, 626 F.3d 1161, 1167 (10th Cir. 2010).

Mr. Martinez-Gonzalez argues that his fifty-seven-month sentence is greater than necessary and unreasonable when compared to the Guidelines range for crimes that are "factually more injurious or potentially injurious." Appellant's Br. at 11. We have, however, "consistently observed that reentry of an ex-felon is a serious offense." United States v. Martinez-Barragan, 545 F.3d

894, 905 (10th Cir. 2008); see also United States v. Algarate-Valencia, 550 F.3d 1238, 1245 (10th Cir. 2008) ("Congress has made it clear, through the Sentencing Guidelines, that it considers the illegal re-entry of an alien who has committed a violent crime to be far more serious than a standard trespassing offense."); United States v. Navarrete-Medina, 554 F.3d 1312, 1314 (10th Cir. 2009) (same). And, Mr. Martinez-Gonzalez's argument that his "history does not present heightened concern that he will return to the U.S. unlawfully" is, as the government points out, wholly inconsistent with his immigration history. Appellant's Br. at 12.

Mr. Martinez-Gonzalez also makes a policy objection to the sixteen-level increase to his offense level imposed by USSG § 2L1.2(b)(1)(A). We have stated that, "[a]lthough a district court is 'entitled' to vary downward from the guidelines based on a policy disagreement with the guidelines, it is also entitled to defer to the policy judgment of the guidelines[.]" United States v. Escobar-Aguirre, 409 Fed. Appx. 209, 212 (10th Cir. 2010) (unpublished).[1] As we have also observed, "'a sentence is not rendered unreasonable merely because of a district court's refusal to deviate from the advisory guideline range' based on disagreements with the policies underlying a particular Guideline provision." United States v. Wilken, 498 F.3d 1160, 1172 (10th Cir. 2007) (quoting United States v. McCullough, 457 F.3d 1150, 1171 (10th Cir. 2006)).

---

[1]We note that we typically do not cite unpublished opinions. We cite this case, however, because we agree with its statement.

Furthermore, we are not persuaded by Mr. Martinez-Gonzalez's argument that the Guideline for reentry offenses is not based on empirical evidence and is therefore not entitled to deference. We have rejected the argument that a sentencing enhancement is invalid "because it lacks a specific explanation and justification by the Sentencing Commission." Alvarez-Bernabe, 626 F.3d at 1166.

Finally, we have previously rejected the argument that impermissible double-counting occurs when the same conviction is used both to calculate the offense level under USSG § 2L1.2(b)(1)(A) and the criminal history category under USSG § 4A1.1(a). "[W]e have routinely upheld as reasonable the use of prior convictions to calculate both the criminal history category and a sentence enhancement where, as here, the Guidelines authorize it." United States v. Ruiz-Terrazas, 477 F.3d 1196, 1204 (10th Cir. 2007). Indeed, in Ruiz-Terrazas, we upheld a fifty-seven-month sentence for an alien who, like Mr. Martinez-Gonzalez, illegally reentered the United States and had an aggravated felony in his criminal history.

In sum, we perceive nothing unreasonable in Mr. Martinez-Gonzalez's sentence. The district court did not abuse its discretion in imposing it.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge