**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GLENN COUNCE,

    Defendant - Appellant.

No. 15-3062
(D.C. No. 2:14-CR-20011-KHV-3)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

This case appears before us a second time. Glen Counce pled guilty to

possession of a firearm after a dishonorable discharge from the military in violation

of 18 U.S.C. § 922(g)(6). On appeal, he challenged his 27-month sentence, arguing

the criminal history calculation erroneously scored two convictions that were too old

to be considered. *See* U.S.S.G. § 4A1.2(e)(2) (requiring the counting of any

conviction "within ten years of the defendant's commencement of the instant

offense" if it involved a sentence of less than one year and one month). The

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

government agreed the sentence constituted reversible error, and this court vacated Counce's sentence and remanded. On remand, an amended Presentence Report calculated the Guidelines range as 21 to 27 months' imprisonment. The district court again imposed a 27-month sentence.

In this appeal, Counce's appellate counsel filed an *Anders* brief and moved to withdraw, asserting the record contained no discernible non-frivolous issues. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that if after a "conscientious examination" of the record, counsel finds an appeal "wholly frivolous," counsel may move to withdraw and contemporaneously file "a brief referring to anything in the record that might arguably support the appeal"). Counce filed a pro se response to his counsel's *Anders* brief. The government declined to file a brief.

In resolving this appeal, we have conducted our own review of the record in addition to considering the potential issues raised in counsel's *Anders* brief and Counce's pro se response. *See id.* (explaining that after counsel files an *Anders* brief, the court should examine the record to determine whether the case is "wholly frivolous").

Counsel's *Anders* brief asserts that Counce could argue that the district court on remand imposed a substantively unreasonable sentence, i.e. that the district court abused its discretion in weighing the 18 U.S.C. § 3553(a) factors. *See United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008); *see also* 18 U.S.C. § 3553(a) (listing factors district court should consider, including "the history and characteristics of the defendant"). When a district court imposes a sentence within the Guidelines range,

we apply a rebuttable presumption that the sentence was reasonable. *Sells*, 541 F.3d at 1237.

The district court imposed Counce's sentence after concluding his extensive criminal history—which spanned 40 years and included convictions ranging from disorderly conduct to robbery—reflected poorly on his character and demonstrated a need for deterrence. Given his extensive history, Counce could not assert a non-frivolous argument that the district court abused its discretion in weighing the § 3553 factors. *See United States v. Navarrete-Medina*, 554 F.3d 1312, 1314 (10th Cir. 2009) (affirming district court's imposition of upper-end Guidelines sentence based on district court's discussion of defendant's "off the charts" criminal history).

Counsel's *Anders* brief also posits that Counce could argue his sentence was procedurally unreasonable because the district court did not adequately explain its reasoning. Because Counce did not object below, we would review a procedural sentencing challenge for plain error. *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007). But even absent a contrary indication in the record, we would assume the district court weighed each § 3553(a) sentencing factor, even if the court did not explicitly refer to those factors. *United States v. Rose*, 185 F.3d 1108, 1110-11 (10th Cir. 1999). Here, the district court explicitly considered Counce's history and personal characteristics, the need to protect the public, and the crime at issue. Because the record contains no indication the district court failed to weigh the appropriate factors, any argument regarding the adequacy of the district court's explanation would be frivolous.

3

Counsel's *Anders* brief also asserts that Counce could argue the district court erred in weighing the § 3553 factors by relying on "unscored" convictions and law enforcement contacts that were more than ten years old, an argument Counce echoes in his pro se response. But a district court is not prohibited from using information unscored by the Guidelines to "draw conclusions about characteristics relevant to sentencing factors enumerated in 18 U.S.C. § 3553(a)." *See United States v. Mateo*, 471 F.3d 1162, 1167-68 (10th Cir. 2006) (explaining that a district court may use information such as law enforcement contacts to draw conclusions about the defendant's character). Accordingly, we agree that any challenge to the district court's reliance on Counce's entire record in weighing the § 3553 factors would be frivolous.

Counce's pro se response also argues his sentence is unreasonable because the preparer of the PSR "entered inaccurate documents," allowing the district court to rely on "multiple unsolved, incomplete, and open[] cases" that were in fact resolved. Pro se Response, at 3. But defense counsel advised the district court at the resentencing hearing that several outstanding warrants had been resolved, and the district court noted the changed status at the hearing. We see no indication the district court relied on erroneous information in reaching its sentencing decision.

Finally, Counce's pro se response argues he received ineffective assistance of counsel on remand. Generally, such claims should be brought in collateral proceedings rather than on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). And this is not the unusual case that allows us to resolve

4

an ineffective assistance of counsel claim without the district court first developing and evaluating the factual record. *See id*.

Because Counce's appeal presents no issues arguable on their merits, we dismiss the appeal and grant defense counsel's motion to withdraw.

Entered for the Court


Nancy L. Moritz
Circuit Judge