FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE ROSARIO VILLA-CHAVEZ,

    Defendant - Appellant.

No. 22-2065
(D.C. No. 2:22-CR-00132-MIS-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

After Jose Villa-Chavez pleaded guilty to unlawfully reentering the United States for a third time, the district court sentenced him to 41 months in prison—the bottom of the recommended sentencing range under the United States Sentencing Guidelines. Villa-Chavez appeals, arguing that the district court erred in refusing to grant a downward variance and in imposing a substantively unreasonable sentence. For the reasons discussed below, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

**Background**

Villa-Chavez, a Mexican citizen, first entered the United States at age 17 in 1998. Over the next two decades, authorities located him in the United States and removed him to Mexico multiple times, including in 2002 following a conviction for unlawful entry. In 2019, he pleaded guilty to unlawful reentry, served seven months in prison, and was removed to Mexico. Approximately two months after this removal, authorities again discovered him in the United States. He pleaded guilty to unlawful reentry for a second time, receiving an 18-month prison sentence and a one-year term of supervised release. He completed this prison sentence in October 2021 and began his supervised-release term. The government removed him to Mexico the next day.

In addition to these convictions for unlawful entry and reentry, Villa-Chavez sustained several alcohol-related convictions during his time in the United States. For instance, he has six convictions for driving under the influence. And in 2016, he was convicted of fourth-degree domestic violence, an offense he committed while intoxicated.

In December 2021, Villa-Chavez committed the offense underlying this appeal, reentering the United States and then pleading guilty to unlawful reentry for the third time. Based on a total offense level of 15 and a criminal-history category of VI, Villa-Chavez's Guidelines range was 41 to 51 months. Villa-Chavez requested a downward departure or variance to 21 months, arguing in part that his Guidelines range substantially overstated the seriousness of his prior convictions and that the main reason for his most recent return to the United States was to escape gang

violence in Mexico. But the district court rejected Villa-Chavez's arguments and sentenced him to 41 months in prison. It also imposed a concurrent 12-month revocation sentence because Villa-Chavez committed this third unlawful-reentry offense while on supervised release for his second unlawful-reentry offense.

Villa-Chavez appeals, arguing that the district court erred by rejecting his request for a variance to 21 months and that his 41-month sentence is substantively unreasonable.[1]

## Analysis

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). "Review for substantive reasonableness focuses on whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Sample*, 901 F.3d 1196, 1199 (10th Cir. 2018) (quoting *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009)). A district court abuses its discretion only if it imposes a sentence that is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (quoting *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009)). Put differently, a sentencing decision is substantively unreasonable if it "'exceed[s] the bounds of permissible choice,' given the facts and the applicable law." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quoting

---

[1] Villa-Chavez does not challenge the district court's discretionary decision to deny a downward departure, nor could he: We "lack jurisdiction to review the discretionary denial of a downward departure." *United States v. Fonseca*, 473 F.3d 1109, 1112 (10th Cir. 2007).

*United States v. Ortiz*, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986)). Because Villa-Chavez's sentence falls within the Guidelines range, we begin with the presumption that his sentence is reasonable. *See United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013).

Seeking to overcome that presumption, Villa-Chavez argues that the district court should have granted a variance because his Guidelines range, although correctly calculated, overstated the seriousness of his prior convictions. In his view, the 41-month sentence the district court imposed is "excessively harsh" given the offense conduct and his history and characteristics. Aplt. Br. 14.

But on this record, we cannot say that the district court abused its discretion when it declined to grant a variance and instead imposed a sentence at the bottom of Villa-Chavez's Guidelines range. Villa-Chavez's numerous unlawful reentries and prior convictions show a propensity for recidivism and a repeated disregard for the law. Moreover, Villa-Chavez committed the unlawful-reentry offense at issue only two months into his supervised-release term for his previous unlawful-reentry conviction. The rapidity with which he reentered the United States demonstrates that the previous 18-month sentence he had just served was insufficient to deter him from reoffending. The district court could therefore reasonably consider a 41-month, low-end Guidelines sentence appropriate to achieve the sentencing goals of deterring criminal conduct and promoting respect for the law. *See* § 3553(a)(2)(A)–(B).

Although Villa-Chavez would have preferred that the district court place less weight on his criminal history and attach more weight to other mitigating factors,

4

such as his history and characteristics, this court has made clear that "[t]he district court need not afford equal weight to each of the [§ 3553(a)] factors." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1267 (10th Cir. 2014). And when, as here, "the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008).

As a final matter, to the extent Villa-Chavez argues that he was entitled to a variance because he reentered the United States to escape gang violence in Mexico, we reject that argument. Nothing in the record suggests that Villa-Chavez's unlawful reentry into the United States to flee gang violence constituted circumstances "special enough that, in light of § 3553(a), they require[d] a sentence lower than the sentence the Guidelines provide." *Rita v. United States*, 551 U.S. 338, 360 (2007). Indeed, Villa-Chavez told the district court that "he could have fled to another part of Mexico," rather than the United States. R. vol. 1, 12. Under these circumstances, we cannot say it was an abuse of discretion for the district court to decline to grant a variance. *See United States v. Navarrete-Medina*, 554 F.3d 1312, 1313 (10th Cir. 2009) (describing caselaw finding "no abuse of discretion where district courts have refused to grant a downward variance based on [a noncitizen's] noncriminal motivation for re-entering the country").

**Conclusion**

In sum, Villa-Chavez has not carried his heavy burden to overcome the presumption that his low-end Guidelines sentence is substantively reasonable, and the district court did not abuse its discretion in imposing his sentence. We therefore affirm the district court's judgment.

Entered for the Court


Nancy L. Moritz
Circuit Judge